# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 7, 2004

## QUENTIN LEWIS v. TONY PARKER, WARDEN

**Appeal from the Criminal Court for Shelby County**
**No. P-28023     John P. Colton, Jr., Judge**

---

**No. W2004-00465-CCA-R3-HC  - Filed December 30, 2004**

---

The Defendant, Quentin Lewis, appeals from an order of the trial court dismissing his petition for writ of habeas corpus.  The allegations contained in the petition fail to establish either a void judgment or an expired sentence.  The judgment of the trial court dismissing the petition is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Quentin Lewis, Tiptonville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; William L. Gibbons, District Attorney General; and W.S. Crossnoe, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

According to the petition and exhibits filed therewith, the Defendant, Quentin Lewis, was convicted by a Shelby County jury of aggravated robbery.  On August 26, 1996, he was sentenced as a career offender to thirty years in the Department of Correction.  On appeal, this Court affirmed his conviction.  See State v. Quentin Lewis, No. 02C01-9702-CR-00052, 1998 WL 28027 (Tenn. Crim. App., Jackson, Jan. 26, 1998).

On January 7, 2004, the Defendant filed a petition seeking habeas corpus relief.  In the petition, he asserted that the judgment and sentence which restrain him are void and illegal because, at the time of sentencing, he had not accumulated the necessary prior convictions to qualify as a career offender.  Based upon the exhibits filed, it appears clear that the Defendant possessed a

sufficient number of prior convictions to have earned his classification as a career offender, but he argues that several of his convictions which were entered on the same day should have counted as only one conviction. See Tenn. Code Ann. § 40-35-108(b)(4). In addition to arguing that the petition does not state adequate grounds for habeas corpus relief, the State asserts that although seven aggravated robbery convictions and one robbery conviction were entered all on the same day, the record reflects that they were not part of a single course of conduct within twenty-four hours and therefore each qualifies as a separate conviction. See id.

Habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the Defendant or that his sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Id. at 163.

In this case, the Defendant asserts that the sentencing court erred in its determination that his prior record of convictions qualified the Defendant for sentencing as a career offender. Even if the trial court did so err, the judgment entered would not be void. In short, there is nothing in this record to suggest that the trial court was without jurisdiction to convict or sentence the Defendant. It is apparent that the Defendant's thirty-year sentence has not expired. We therefore conclude that the trial court did not err in dismissing the Defendant's petition for habeas corpus relief.

Accordingly, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID H. WELLES, JUDGE